IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON L. SMITH, #48412,  )<br>  )<br>  Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>PONTOON BEACH POLICE  )<br>DEPARTMENT,  )<br>  )<br>  Defendant.  )  | Case No. 21-cv-00068-JPG |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Aaron Smith, a detainee at Madison County Jail ("Jail"), brings this action pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff claims that he was wrongfully arrested for an offense related to a motor vehicle (a Class 2 felony) in February 2019. (Doc. 1). A former cohabitant (complainant) allegedly abandoned her vehicle at Plaintiff's residence and filed a complaint against him for stealing it. (Doc. 1, pp. 6-7, 9-13). The charges against him were later dropped when the complainant filed an affidavit stating that Plaintiff was not involved in the matter. (*Id*.). Plaintiff now brings claims against the police department for an unlawful arrest, unlawful seizure, false imprisonment, slander, deprivation of liberty, and deliberate indifference in violation of the First, Second, Fourth, Sixth, Eighth, Twelfth, and Fourteenth Amendments. (*Id*.). He seeks money damages. (*Id*. at 8).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for

money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).  The allegations are liberally construed in favor of the *pro se* plaintiff at this stage.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

The Complaint does not survive preliminary review under 28 U.S.C. § 1915A.  Plaintiff has not named any individual officers in connection with his claims under the First, Second, Fifth, Sixth, Eighth, Twelfth, or Fourteenth Amendments.  He names Pontoon Beach, Illinois / Police Department, and he seeks to hold the municipality liable for his constitutional injuries.  Municipalities "do not face *respondeat superior* liability under Section 1983 for the misdeeds of employees or other agents.  Only actions of the entity will suffice."  *Flores v. City of South Bend*, 997 F.3d 725, 731 (7th Cir. 2021).  Municipal liability typically arises from the execution of a government policy or custom that causes a constitutional violation.  *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978).  Plaintiff identifies no policy or custom that is attributable to Pontoon Beach or that caused his injuries.

He instead refers to the police department's failure to train its officers.  (Doc. 1, p. 6).  Inadequate training may result in municipal liability under Section 1983, where the municipality's failure to train its employees amounts to deliberate indifference to the rights of its inhabitants.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390-91 (1989).  Liability for inadequate training arises where a municipality follows a training program "that they know or should know has failed to prevent tortious conduct by employees" thereby demonstrating deliberate indifference to a known risk.  *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397 (1997).  What separates this from *respondeat superior* liability is a "known pattern of tortious conduct

demonstrating the need for additional training, 'rather than a one-time negligen[ce].'" *Flores*, 997 F.3d at 731 (quoting *Brown*, 520 U.S. at 407-08)).

Plaintiff maintains that the municipality's inadequate training caused his constitutional injuries. (Doc. 1, p. 6). However, his reference to this theory of liability is vague at best. Plaintiff simply writes "failure to train employees" in the margins of the Complaint. (*Id*.). He offers no indication of what training was required, needed, and absent. He does not describe a pattern of constitutional deprivations by Pontoon Beach or a single constitutional deprivation that was at risk of recurring without additional training by the municipality. The allegations are thus insufficient to support a failure-to-train claim against Pontoon Beach, Illinois / Police Department.

The Complaint shall be dismissed without prejudice for failure to state a claim. Plaintiff will have an opportunity to file a First Amended Complaint, if he wishes to pursue his claims in this action. The Court reminds Plaintiff that a successful complaint generally alleges "the who, what, when, where, and how. . . ." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Therefore, if he chooses to re-plead his claims, Plaintiff should identify who violated his constitutional rights by name, if known, and include a description of how his rights were violated. If Plaintiff does not know the names of certain individuals, he can refer to them by Doe designation (*e.g.*, Officer John/Jane Doe). Additionally, Plaintiff must name each defendant in the case caption and reference him/her in the body of the amended complaint. If he re-pleads a claim against the municipality, Plaintiff should state what specific policy, custom, or practice caused a violation of his rights.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **August 31, 2021**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original Complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. He should also list this case number on the first page (*i.e.*, Case No. 21-cv-0068-JPG). The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* F<small>ED</small>. R. C<small>IV</small>. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED: 8/2/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
