IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |  | |
|---|---|---|---|
| AARON L. SMITH, #48412, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | Case No. 21-cv-00068-JPG | |
| | ) | | |
| PONTOON BEACH POLICE DEPARTMENT, | ) ) | | |
| | ) | | |
| Defendant. | ) | | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of a First Amended Complaint filed by Plaintiff Aaron Smith on September 1, 2021. (Doc. 11). Rather vaguely, Plaintiff alleges that Pontoon Beach Police Department detectives charged him when he was innocent on October 29, 2018. (*Id*. at 6). Plaintiff faults these individuals for failing to properly question or investigate him, and he seeks money damages from them. (*Id*. at 7).

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed in favor of the *pro se* plaintiff at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**First Amended Complaint**

Plaintiff sets forth the following allegations in the statement of his claim:

Oct. 29, 2018, Pontoon Beach
They questioned me and still
charged me when I was innocent
they didn't properly investigate.
Detectives at Pontoon Beach
Police Department

(Doc. 1, p. 6).

**Discussion**

Plaintiff's amended complaint suffers from several fatal defects. The more significant ones are addressed below. Whether standing alone or in combination, these defects warrant dismissal of the amended complaint.

First, Plaintiff has failed to set forth sufficient allegations to articulate a claim against anyone. Rule 8 requires a plaintiff to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Court would be hard pressed to characterize Plaintiff's claim(s) at all. The allegations offer no insight into the facts or circumstances surrounding the incident, the nature of the charges issued, a description of any individual defendant's misconduct, or the constitutional deprivations that may have occurred. The allegations are utterly lacking.

Second, the allegations focus on the misconduct of detectives, but Plaintiff does not name any detectives as defendants in the case caption or in the list of defendants. He should have named each one as a separate defendant in the case caption, if he intended to proceed with any claims against a detective. If he did not know their names, Plaintiff should have used a generic reference to each one instead (*e.g.*, Detective John Doe 1 or Detective Jane Doe 1). He failed to identify any individuals as defendants in the First Amended Complaint, and the Court will not add the

detectives as defendants on its own.  The choice of who to sue belongs to Plaintiff.  *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").  Any claims against the unknown detectives are dismissed without prejudice.

Third, Plaintiff names "Pontoon Beach Police Department" as the only defendant in the case caption.  (Doc. 1, p. 1).  He refers to "Pontoon Beach Police Dependent" in his list of defendants and states that this defendant is an "employee[ ] of Pontoon Beach." (*Id*.).  Plaintiff's designation of Pontoon Beach Police Department may represent his attempt to hold the municipality (*i.e.*, Pontoon Beach) liable for the constitutional injuries caused by the detectives.  As this Court previously explained in the Order Dismissing Complaint, however, municipalities "do not face *respondeat superior* liability under Section 1983 for the misdeeds of employees or other agents."  (*See* Doc. 10, p. 2) (citing *Flores v. City of South Bend*, 997 F.3d 725, 731 (7th Cir. 2021)).  Municipal liability typically arises from the execution of a government policy or custom that causes a constitutional violation.  *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978).  As in his original Complaint, Plaintiff points to no policy or custom that caused his injuries and is attributable to Pontoon Beach.

For each of these reasons, the First Amended Complaint shall be dismissed for failure to state a claim upon which relief may be granted.  Plaintiff will have one final opportunity to re-plead his claims in this action before this case is dismissed.  The Court again reminds Plaintiff that a successful complaint alleges "the who, what, when, where, and how. . ." of each constitutional violation.  *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).  Therefore, Plaintiff should identify each individual who violated his constitutional rights by name, if known, or by

generic designation, if not known. He should also include a description of how his rights were violated. Finally, if he chooses to bring a claim against the municipality, *i.e.*, Pontoon Beach, Plaintiff should state what specific policy, custom, or practice caused a violation of his rights.

## Disposition

**IT IS HEREBY ORDERED** that the First Amended Complaint (Doc. 11) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a Second Amended Complaint on or before **December 9, 2021**. Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamming*a, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Moreover, the dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. He should list this case number on the first page (*i.e.*, Case No. 21-cv-0068-JPG). The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of

whether Plaintiff elects to file a Second Amended Complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the Second Amended Complaint.

**IT IS SO ORDERED.**

**DATED: 11/10/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
